UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMMODITY FUTURES TRADING
COMMISSION,

       Plaintiff,

v.

AURIFEX COMMODITIES RESEARCH
COMPANY, AURIFEX RESEARCH L.L.C.,
TY KLOTZ, individually and d/b/a AURIFEX
INVESTMENTS, and MONETTE KLOTZ,
individually and d/b/a AURIFEX
INVESTMENTS,

       Defendants.
                                     /

File No.  1:06-CV-166

HON. ROBERT HOLMES BELL

**O P I N I O N**

       This matter is before the Court on the Receiver's request for approval of compensation.

       On March 27, 2006, this Court appointed Rodger D. Young as Receiver for Defendants Aurifex Commodities Research Company, Aurifex Research, L.L.C., Ty Klotz, individually and d/b/a Aurifex Investments, and Monette Klotz, individually and d/b/a Aurifex Investments, and their affiliates and subsidiaries, (the "Receivership Defendants"), and of all the funds, properties, premises accounts and other assets directly or indirectly owned, beneficially or otherwise by the Receivership Defendants.

As noted in the order appointing the Receiver, the Receiver and all personnel hired by him as authorized in the order, are entitled to reasonable compensation for the performance of their duties and for the cost of actual out-of-pocket expenses incurred, if they were reasonably likely to benefit the receivership estate or were necessary to the administration of the estate. (Docket # 20).

On May 26, 2006, the Receiver file a request for approval and payment of attorney fees of the Receiver and his counsel, Young & Susser, P.C., during the period March 17, 2006, through April 30, 2006, in the amount of $9,035.00. The billing statement for these fees has been filed with this Court and served on all parties of record. No objections have been filed to this statement.

The Court's primary concern in awarding attorney fees is that the fees be reasonable. *See Reed v. Rhodes,* 179 F.3d 453, 471 (6th Cir. 1999). A reasonable fee is one that is adequate to attract competent counsel, but does not produce windfalls to attorneys. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). To make the reasonableness determination the Court must first determine the lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate. *Barnes v. Cincinnati*, 401 F.3d 729, 745 (6th Cir. 2005). The burden is on the party seeking an award of fees to provide "evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). If necessary, the lodestar amount can be adjusted for reasonableness by applying the 12-factor test enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.

1974), and approved by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983). *Barnes*, 401 F.3d at 746.[1]

The billing statements reflect 7.5 hours billed by the Receiver at $400 per hour, and 35.50 hours billed by co-counsel, Robert Hoff, at $170 per hour. Upon review of the Receiver's application the Court is satisfied that the fees billed were for services actually and necessarily performed in this litigation and that hours expended are reasonable. However, the Court is not convinced that the rates charged are reasonable.

A reasonable hourly billing rate is generally calculated according to the prevailing market rates in the relevant community. *Blum*, 465 U.S. at 895; A*mer. United for Separation of Church and State v. Sch. Dist. of Grand Rapids*, 717 F. Supp. 488, 495 (W.D. Mich. 1989) (Enslen, J.). "[T]he burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 896 n. 11.

---

[1]The twelve factors are: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the "undesireability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Barnes*, 401 F.3d at 745-46.

The Receiver has not supplied any evidence to support his hourly rate of $400 or his counsel's hourly rate of $170. Although the Plaintiff indicated that it had attached the Receiver's "curriculum vitae" to the motion for appointment of Receiver, the "curriculum vitae" is no more than the firm biography, and it does not indicate how long the Receiver has been in practice.

Because the Receiver has provided no evidence from which the Court can determine the reasonableness of the rate charged, Court looked to on-line sources for further information. It appears that the Receiver was admitted to practice in Michigan in 1973 and has over thirty years of legal experience. It appears that Mr. Hoff was admitted to practice in Michigan in 2003, and that he has approximately three years of legal experience.

In the absence of any evidence of these attorneys' customary hourly rate, the Court looked to the most recent *Economics of Law Practice* survey issued by the State Bar of Michigan to determine the prevailing market rate. According to the State Bar survey, for Michigan attorneys with thirty to thirty-nine years in practice, the average hourly rate is $180 and the 95th percentile rate is $280. *See* 2003 State Bar of Michigan Economics of Law Practice, Ex. 22, p. 25. For Michigan attorneys with four or less years in practice, the average hourly rate is $149 and the 95th percentile rate is $300. *Id.* The survey also reports that for attorneys in Oakland County south of Big Beaver the average hourly billing rate is $193 and the 95th percentile rate is $300. *Id.* at Ex. 23, p. 26.

4

At the present time, in a far more complicated Receivership before this Court involving approximately two hundred million dollars from more than 3400 investors, the highly experienced Receiver and his firm are charging rates ranging from $125 - $320 per hour.  *See Quilling v. Trade Partners, Inc.*, 1:03-CV-236 (Docket #'s 57, 1303).

Based upon this Court's review of the available evidence, the Court accepts as reasonable Mr. Hoff's hourly rate of $170.  The Court concludes, however, that the Receiver's hourly rate should be reduced from $400 to $300.  Accordingly, the Court will grant the Receiver's request for approval of compensation in part, but will reduce the total amount of compensation from $9,035.00 to $8,285.00.

An order consistent with this opinion will be entered.


Date:   July 10, 2006                          /s/ Robert Holmes Bell
                                               ROBERT HOLMES BELL
                                               CHIEF UNITED STATES DISTRICT JUDGE