UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMMODITY FUTURES TRADING
COMMISSION,

       Plaintiff,

                                                File No.  1:06-CV-166

v.

                                                HON. ROBERT HOLMES BELL

AURIFEX COMMODITIES RESEARCH
COMPANY, et al.,

       Defendants.
                                     /

## **O P I N I O N**

Plaintiff Commodity Futures Trading Commission ("CFTC") filed this action alleging violations of the Commodity Exchange Act (the "Act"), 7 U.S.C. § 1, *et seq.* and the Commission's regulations. This matter is currently before the Court on Defendant Ty Klotz's motion for a jury trial on all issues and on Defendant Aurifex Commodities Research Company's concurrence in that motion.

Plaintiff's complaint alleges that Defendants acted as unregistered commodity pool operators, that they fraudulently solicited public customers and that they misappropriated customer funds. The relief sought by Plaintiff includes orders enjoining Defendants' unlawful acts and practices, compelling Defendants' compliance with the Act, directing Defendants to file an accounting, to make restitution to the defrauded investors, and to disgorge ill-gotten gains, and assessing a statutory civil monetary penalty.

The Seventh Amendment preserves the right to trial by jury in "Suits at common law." U.S. CONST. amend. VII.  "Suits at common law" refers to "suits in which *legal* rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered." *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990) (quoting *Parsons v. Bedford*, 3 Pet. 433, 447, 7 L.Ed. 732 (1830)).

Defendant Ty Klotz correctly asserts that Plaintiff's claim for civil monetary penalties is a legal claim to which he has a right to a jury trial. *Tull v. United States*, 481 U.S. 412, 422 (1987). *Tull* was an action instituted by the Federal Government seeking civil penalties and injunctive relief under the Clean Water Act, 33 U.S.C. § 1251 *et seq*. In *Tull* the Supreme Court considered whether the Seventh Amendment guaranteed the petitioner a right to a jury trial on both liability and amount of penalty.  481 U.S. at 414.  The Court noted that "[a] civil penalty was a type of remedy at common law that could only be enforced in courts of law." *Id.* at 422.  The Court also noted that if a "legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact.  The right cannot be abridged by characterizing the legal claim as 'incidental' to the equitable relief sought. " *Id.* at 425 (quoting *Curtis v. Loether*, 415 U.S. 189, 196, n. 11 (1974)).  Accordingly, the Court determined that the petitioner had a constitutional right to a jury trial to determine his liability on the legal claim and all issues common to both claims. *Id.*

Plaintiff CFTC does not challenge Defendant's assertion that he is entitled to a jury trial as to his liability for violations of the Act. Plaintiff does, however, object to Defendant's assertion that he is entitled to a jury trial on "all issues," including the amount of any civil penalty.

The Supreme Court held in *Tull* that "a determination of a civil penalty is not an essential function of a jury trial, and that the Seventh Amendment does not require a jury trial for that purpose in a civil action." *Id.* at 427. Similarly, in *SEC v. Lipson*, 278 F.3d 656 (7th Cir. 2002), the court held that "it was for the judge to decide, consistent with the jury's finding of liability, not only what equitable relief to impose, but also the amount of the civil penalty." *Id.* at 662. *See also Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 355 (1998) ("the awarding of civil penalties to the Government could be viewed as analogous to sentencing in a criminal proceeding").

The Court concludes that Ty Klotz is entitled to a jury trial on the issue of liability, but not on the issue of what equitable relief to impose or the amount of any civil penalty. Those issues will be for the Court to decide.

The case management order issued in this case gave the parties until September 27, 2006, to file a motion for jury trial. None of the Defendants other than Ty Klotz moved for jury trial within the applicable time period. However, on October 17, 2006, Defendant Aurifex Commodities Research Company LLC, filed a concurrence in Defendant Ty Klotz's motion for a jury demand. Plaintiff objects to Aurifex's concurrence because it is untimely.

3

The Federal Rules of Civil Procedure provide that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." FED. R. CIV. P. 39(b). The Court has determined in this opinion that Ty Klotz is entitled to a jury trial on the issue of liability. It would not be in the interests of justice to hold a jury trial as to the liability of Ty Klotz, simultaneously with a bench trial as to the liability of the other Defendants. A dual jury and bench trial would be confusing, would potentially lead to contradictory results, and would waste judicial resources. Accordingly, the Court will exercise its discretion pursuant to Rule 39(b) and order a trial by a jury on the issue of liability as to all of the Defendants.

An order consistent with this opinion will be entered.


Date:    December 4, 2006            /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE