UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMMODITY FUTURES TRADING
COMMISSION,

        Plaintiff,

v.

AURIFEX COMMODITIES RESEARCH
COMPANY, et al.,

        Defendants.
_____/

File No.  1:06-CV-166

HON. ROBERT HOLMES BELL

## O P I N I O N

Plaintiff Commodity Futures Training Commission ("CFTC") filed a complaint against Defendants Aurifex Commodities Research Company, Aurifex Research, L.L.C., Ty Klotz and Monette Klotz ("M. Klotz") on March 7, 2006, alleging violations of the Commodity Exchange Act ("CEA"), 7 U.S.C. §§ 1-27f, and the regulations promulgated thereunder, 17 C.F.R. §§ 1.1-.70.  This matter is currently before the Court on Plaintiff CFTC's motion for default judgment against Defendant Aurifex Research, L.L.C. ("Research").  (Dkt. No. 200, Pl.'s Mot. for Default J.)

Default was entered as to Defendant Research pursuant to Federal Rule of Civil Procedure 55(a) on February 7, 2008.  (Dkt. No. 219.)  Entry of default judgment by the court is governed by Rule 55(b)(2).  Although Rule 55(b)(2) does not provide a standard to determine when a party is entitled to a judgment by default, it is generally acknowledged that

the court must exercise "sound judicial discretion" when determining whether to enter the judgment. 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 2685 (3rd ed. 1998) (collecting cases); *see also Reese v. Collection Bureau of Am.*, No. 06-CV-14516, 2008 WL 162468, at *2 (E.D. Mich. Jan. 17, 2008). "In determining whether to enter a default judgment, the court is free to consider a number of factors that may appear from the record before it." Wright & Miller, *supra*, at § 2685. Relevant factors include whether material issues of fact are at issue, whether the default was caused by a good-faith mistake, and whether the grounds for default are clearly established.

The record in this case includes not only Plaintiff CFTC's complaint, motion for default judgment and memorandum in support (Dkt. Nos. 1, 200-01), but also Plaintiff CFTC's motion for summary judgment against co-defendants Ty Klotz and M. Klotz and the exhibits attached thereto (Dkt. Nos. 188, 190-98), as well as this Court's opinion and order granting the motion for summary judgment (Dkt. Nos. 215-16), which is incorporated herein by reference. This record establishes that a default judgment is appropriate because there are no material issues of fact, the default was not caused by a good faith mistake, and the grounds for default are clearly established.

Based upon this record the Court finds as a matter of law that Plaintiff CFTC is entitled to a default judgment finding Research liable as to all violations alleged in the complaint. Specifically, the Court finds that:

1. Research violated sections 4b(a)(2)(i) and (iii), 4c(b), and 4o(1)(A) and (B) of the CEA, 7 U.S.C. §§ 6b(a)(2)(i) and (iii), 6c(b), and 6o(1)(A) and (B), by misappropriating

Aurifex participants' funds and by making material misrepresentations to Aurifex participants and prospective Aurifex participants and by failing to report losses to participants, through the conduct of its agents, Ty Klotz and M. Klotz;

2. Research violated section 4b(a)(2)(ii)of the CEA, 7 U.S.C. § 6b(a)(2)(ii), by the conduct of its agent, Ty Klotz, in providing false account statements to Aurifex participants;

3. Research violated section 4m(1) of the CEA, 7 U.S.C. § 6m(1), by acting as a commodity pool operator ("CPO") without benefit of registration and, by doing so through the conduct of its agents, Ty Klotz and M. Klotz;

4. Research violated section 4n(4) of the CEA, 7 U.S.C. § 6n(4) and Regulation 4.22, 17 C.F.R. § 4.22, by failing to provide appropriate periodic account statements and certified annual reports to Aurifex participants;

5. Research violated Regulation 4.21, 17 C.F.R. § 4.21, by failing to provide disclosure documents to prospective Aurifex participants; and

6. Research violated Regulation 4.20(c), 17 C.F.R. § 4.20(c), by engaging in CPO prohibited activities by commingling the Aurifex participant funds with the funds of others.

The Court is also satisfied that the record demonstrates that Plaintiff CFTC is entitled to injunctive relief, restitution, and a civil monetary penalty as requested by Plaintiff CFTC.

An order and default judgment consistent with this opinion will be entered.

Date:    February 15, 2008                /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          CHIEF UNITED STATES DISTRICT JUDGE